```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
MICHAEL SCHILLER, et al.,          :    04 Civ. 7922 (KMK) (JCF)
                                   :
              Plaintiffs,          :
                                   :
     - against -                   :
                                   :
THE CITY OF NEW YORK, et al.,      :
                                   :
              Defendants.          :
- - - - - - - - - - - - - - - - - -:
HACER DINLER, et al.,              :    04 Civ. 7921 (KMK) (JCF)
                                   :
              Plaintiffs,          :
                                   :
     - against -                   :         MEMORANDUM
                                   :         AND  ORDER
THE CITY OF NEW YORK, et al.,      :
                                   :
                                   :
              Defendants.          :
- - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

These are two of the cases that arise from the arrests of demonstrators during the Republican National Convention (the "RNC") in 2004. The plaintiffs have moved to compel the defendants to produce documents responsive to a document request served on March 29, 2007 ("Request No. 97"). At issue here are the defendants' objections that the request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For the reasons set forth below, those objections are rejected and the plaintiffs' motion is conditionally granted. However, the defendants also object on the basis of the law enforcement privilege, but that issue has not yet been briefed by

1

the parties.  Thus, the documents need not be produced unless and until I determine that they are not protected by the law enforcement privilege.

Background

    A. <u>NYPD Intelligence Division</u>

Deputy Commissioner David Cohen heads the Intelligence Division of the New York City Police Department (the "NYPD"). Prior to the RNC, the Intelligence Division was responsible for collecting information regarding the nature of planned protest activity in order to assess possible threats to security. (Declaration of David Cohen dated May 2, 2007 ("Cohen Decl."), ¶¶ 1, 6).[1]  Commissioner Cohen analyzed the information gathered by his staff and then briefed the RNC Executive Committee on "potential disruptive behavior" at the RNC.  (Cohen Decl., ¶ 9; Letter of Gerald S. Smith dated Feb. 21, 2007 ("Smith 2/21/07 Letter"), attached as Exh. C to  Declaration of Palyn Hung dated April 12, 2007 ("Hung 4/12/07 Decl."), at 2-3).  Members of the Executive Committee, which included Police Commissioner Raymond

---

[1] The defendants filed Commissioner Cohen's declaration under seal. (Letter of Gerald S. Smith dated May 2, 2007). Portions of Commissioner Cohen's deposition have also been filed under seal. In this decision I have referred to information contained in these documents only where the information is of such a general nature that there is no reason to maintain its confidentiality. Moreover, I note that the NYPD web side contains essentially the same information, and in much greater detail.  <u>See</u> www.nyc.gov/html/nypd/html/depi/nypd_rnc_overview.html   (last visited May 17, 2007).

Kelly, Chief of Department Joseph Esposito, and other high-ranking NYPD officials, were responsible for formulating the policies challenged by the plaintiffs in these cases. (Cohen Decl., ¶ 9; Smith 2/21/07 Letter at 2-3, 5). According to the defendants, certain of the challenged policies were based on intelligence information obtained in advance of the RNC and presented to the RNC Executive Committee by Commissioner Cohen. (Smith 2/21/07 Letter at 5). These policies are (1) the NYPD's decision to fingerprint all arrestees and (2) the decision not to issue summonses but instead to require that all arrestees be arraigned before being released. (Smith 2/21/07 Letter at 5).

    B. Disputed Documents

Three days before the close of discovery in these cases, the defendants purported to supplement their mandatory initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure by identifying approximately 130 additional witnesses with knowledge of the events at issue. One of these witnesses was Commissioner Cohen. On January 19, 2007, more than one month after the close of discovery, the City also produced 600 pages of documents related to intelligence gathered by the NYPD prior to the RNC. These documents apparently consisted of reports prepared by Commissioner Cohen's staff, which contained information obtained from on-line sources and other law enforcement agencies. (Cohen Decl., ¶ 10; Excerpts of Deposition of David Cohen dated March 28, 2007 ("Cohen Dep."),

3

attached as Exh. G to Hung 4/12/07 Decl., at 104; Letter of Terri Feinstein Sasanow dated May 2, 2007 ("Sasanow Letter") at 4).

Due to this late disclosure, the plaintiffs moved to preclude Commissioner Cohen from serving as a witness in connection with summary judgment motions or at trial. They also moved to preclude the defendants from relying on the intelligence documents they had produced. In an order dated March 12, 2007, I denied the plaintiffs' motion. But, because I found that the defendants had breached their disclosure obligations by failing to disclose witnesses and produce documents in a timely fashion, I reopened discovery to permit the plaintiffs to explore the newly revealed intelligence information and ordered the defendants to bear the costs of that discovery. After discovery was reopened, the plaintiffs took Commissioner Cohen's deposition. (Letter of Palyn Hung dated April 12, 2007 ("Hung 4/12/07 Letter") at 2). Based on his testimony, the plaintiffs concluded that the intelligence documents disclosed on January 19, 2007 "were only part of Defendants' pre-RNC intelligence gathering." (Hung 4/12/07 Letter at 2). Accordingly, the next day the plaintiffs served Request No. 97, which seeks:

> All documents -- whether in the form of raw reports, summaries, or any other form -- containing information gathered, collected, or otherwise obtained by the NYPD's Intelligence Division between April 1, 2003 and September 2, 2004 about individuals, groups, or entities connected to demonstrations expected to take place in New York City in conjunction with the Republican National Convention. This request includes but is not limited to DD5's, tape

>recordings, video recordings, photographs, computer files, e-mails, and web pages. This request does not include the documents already produced bearing Bates numbers 102515-103117 and Cohen 1-43.

(Plaintiff's Sixth Request for Documents, attached as Exh. I to Hung 4/12/07 Decl., at 4). The defendants objected to this request "on the grounds that it is overbroad and unduly burdensome, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of information protected from disclosure by the law enforcement privilege." (Defendants' Responses and Objections to Plaintiff's Sixth Request for Documents, attached as Exh. K to Hung 4/12/07 Decl., at 4).

As noted above, the issue of law enforcement privilege has not yet been briefed by the parties and therefore will not be addressed here. The City appears to have abandoned its contention that Request No. 97 is unduly burdensome, since it does not mention that objection in its opposition to the plaintiffs' motion. Thus, at issue here is the City's objection that the request is overly broad because it seeks documents that are not relevant.

Discussion

The defendants first assert that the plaintiffs' request is unduly expansive because it is not limited to those documents that "were shared with the individuals responsible for formulating the no-summons and fingerprinting policies at issue." (Sasanow Letter at 2). However, to the extent that Commissioner Cohen considered

5

the information contained in the documents when developing his assessment of the potential for unlawful activity during the RNC, it is of no import that the documents themselves were not shared with the Executive Committee. The defendants have represented that members of the RNC Executive Committee relied on Commissioner Cohen's assessments of potential security threats during the RNC when formulating the policies at issue here. (Smith 2/21/07 Letter at 5). The plaintiffs are therefore entitled to documents containing information reviewed by Commissioner Cohen before he made those assessments. The defendants have given me no reason to believe that only a portion of the information contained in the requested documents played a role in the development of the contested policies. Indeed, a declaration submitted by the defendants in opposition to the plaintiffs' motion makes it clear that the intelligence contained in the requested documents informed Commissioner Cohen's analysis of possible threats to security during the RNC:

> My staff discussed the information contained in the Requested Documents with me as it was being developed, and I considered it as part of the body of information I analyzed on a continuing basis. Nothing I learned in my discussions with my staff changed my assessment that the City faced serious threats of violence and disorder . . . . This is the assessment I conveyed to the Committee.

(Cohen Decl., ¶ 13).[2] Accordingly, the plaintiffs' request is not

---

[2] As noted above, Commissioner Cohen's declaration was submitted under seal. The defendants also submitted for public

overly broad.[3]

Although it is not entirely clear, the defendants also appear to contend that the documents sought by the plaintiffs are only relevant insofar as they contain intelligence information that "gave rise to concerns over potential acts of public disorder and terrorism." (Sasanow Letter at 2, 3). In other words, the defendants seem to be claiming that the plaintiffs are entitled only to those documents that support the defendants' contention that the policies at issue here were based on valid security concerns. This is a spurious argument. The plaintiffs are entitled to discovery of all of the information considered by Commissioner Cohen, not merely the information that, in his view, supports his assessment of the potential for unlawful activity during the RNC. There is similarly no merit to the defendants' claim that the requested documents are not relevant because the defendants do not intend to rely upon them to establish their defense. (Sasanow Letter at 4).

---

filing a redacted version of their letter brief in opposition to the plaintiffs' motion, which includes (without redaction) the statement quoted above. (Sasanow Letter at 5). The quotation in the footnote that follows is also included in unredacted form in the defendants' letter brief. As a result, these portions of Commissioner Cohen's declaration are part of the public record in this case and may be quoted here.

[3] The fact that, in Commissioner Cohen's estimation, the documents previously produced to the plaintiffs "fairly reflect the information on which [his] assessments . . . were based, as well as the substance of the information [he] provided to the [RNC Executive] Committee" is beside the point. (Cohen Decl., ¶ 14). The plaintiffs are entitled to all relevant documents, not merely an allegedly representative sample chosen by the defendants.

Finally, the defendants contend that Request No. 97 is overly broad because it seeks documents dating back to April 2003 despite the fact that Commissioner Cohen "testified that compilation of RNC demonstration-related intelligence information did not commence until sometime . . . after July 1, 2003." (Sasanow Letter at 4 n.4). The defendants cite a single page of the transcript of Commissioner Cohen's deposition, in which he states that a particular officer "pulled some people together" to do RNC-related intelligence work sometime in July, August, or September 2003. (Sasanow Letter at 4 (citing Cohen Dep., attached as Exh. B to Sasanow Letter, at 75)). However, the defendants do not claim that there are no documents pre-dating July 2003 that are responsive to the plaintiffs' request. If such documents exist, they are relevant and must be produced.

Conclusion

For the reasons set forth above, the plaintiff's motion is granted. However, production of the documents shall be contingent upon a determination that they are not protected by the law enforcement privilege. The defendants shall brief that issue by May 30, 3007. The plaintiffs shall submit answering papers by June 6, 2007, and the defendants shall reply by June 11, 2007.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       May 18, 2007

Copies mailed this date:

Christopher Dunn, Esq.
Palyn Hung, Esq.
New York Civil Liberties Union
125 Broad Street, 17th Floor
New York, New York  10004

Gerald S. Smith, Esq.
Terri Feinstein Sasanow, Esq.
City of New York Law Department
100 Church Street
New York, NY 10007