```
UNITED STATES DISTRICT COURT            (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:      *LEAD CASE
SHARONE BUNIM, et al.,                  : 04 Civ. 7922 (RJS) (JCF)
                                        : DOCKET IN ALL CASES LISTED
              Plaintiffs,               :          BELOW
                                        :
      - against -                       : 05 Civ. 1562 (RJS) (JCF)
                                        :
THE CITY OF NEW YORK, et al,            :
                                        :
              Defendants.               :
- - - - - - - - - - - - - - - - - - -:
RITU KALRA, et al,                      :
                                        : 05 Civ. 1563 (RJS) (JCF)
              Plaintiffs,               :
                                        :
      - against -                       :
                                        :
THE CITY OF NEW YORK, et al,            :
                                        :
              Defendants.               :
- - - - - - - - - - - - - - - - - - -:
LINDSAY RYAN, et al.,                   :
                                        : 05 Civ. 1564 (RJS) (JCF)
              Plaintiffs,               :
                                        :
      - against -                       :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
              Defendants.               :
- - - - - - - - - - - - - - - - - - -:
ADRIENNE GARBINI, et al.,               :
                                        : 05 Civ. 1565 (RJS) (JCF)
              Plaintiffs,               :
                                        :
      - against -                       :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
              Defendants.               :
- - - - - - - - - - - - - - - - - - -:
```

```
- - - - - - - - - - - - - - - - - - - -:
ADAM GREENWALD, et al.,                 :
                                        : 05 Civ. 1566 (RJS) (JCF)
            Plaintiffs,                 :
                                        :
    - against -                         :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
            Defendants.                 :
- - - - - - - - - - - - - - - - - - - -:
BRIAN PICKETT, et al.,                  :
                                        : 05 Civ. 1567 (RJS) (JCF)
            Plaintiffs,                 :
                                        :
    - against -                         :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
            Defendants.                 :
- - - - - - - - - - - - - - - - - - - -:
WENDY TREMAYNE, et al.,                 :
                                        : 05 Civ. 1568 (RJS) (JCF)
            Plaintiffs,                 :
                                        :
    - against -                         :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
            Defendants.                 :
- - - - - - - - - - - - - - - - - - - -:
JEREMY BIDDLE, et al.,                  :
                                        : 05 Civ. 1570 (RJS) (JCF)
            Plaintiffs,                 :
                                        :
    - against -                         :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
            Defendants.                 :
- - - - - - - - - - - - - - - - - - - -:
```

```
- - - - - - - - - - - - - - - - - - - :
MATTHEW MORIN, et al.,                 :
                                       : 05 Civ. 1571 (RJS) (JCF)
             Plaintiffs,               :
                                       :
    - against -                        :
                                       :
THE CITY OF NEW YORK, et al.,          :
                                       :
             Defendants.               :
- - - - - - - - - - - - - - - - - - - :
SACHA BOTHOL, et al.,                  :
                                       : 05 Civ. 1572 (RJS) (JCF)
             Plaintiffs,               :
                                       :
    - against -                        :
                                       :
THE CITY OF NEW YORK, et al.,          :
                                       :
             Defendants.               :
- - - - - - - - - - - - - - - - - - - :
EMILIA CROTTY, et al.,                 : 05 Civ. 7577 (RJS) (JCF)
                                       :
             Plaintiffs,               :
                                       :
    - against -                        :
                                       :
THE CITY OF NEW YORK,                  :
                                       :
             Defendants.               :
- - - - - - - - - - - - - - - - - - - :
JEFFREY STARK, et al.,                 :
                                       : 05 Civ. 7579 (RJS) (JCF)
             Plaintiffs,               :
                                       :
    - against -                        :
                                       :          MEMORANDUM
THE CITY OF NEW YORK, et al.,          :          AND  ORDER
                                       :
             Defendants.               :
- - - - - - - - - - - - - - - - - - - :
```

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

These cases have been consolidated for discovery along with

many others arising out of arrests that took place during the 2004

1

Republican National Convention.  The defendants now seek an order dismissing the claims of some 76 plaintiffs as a sanction for their having failed to respond to discovery demands.  For the reasons that follow, the application is denied.

Background

On July 25, 2007, defendants' counsel advised the Court that scores of plaintiffs, represented by the same attorney, had failed to respond to a variety of discovery requests.  (Letter of Raju Sundaran dated July 25, 2007 ("Sundaran 7/25/07 Letter").  Some had failed to provide any discovery responses at all (Sundaran 7/25/07 Letter at 2-3), while others had neglected to provide all of the items requested or had not verified their responses under oath. (Sundaran 7/25/07 Letter at 3-5).  As a consequence, I issued an Order dated August 24, 2007, requiring each plaintiff to provide complete discovery responses by September 17, 2007.

Most apparently did not.  On September 20, 2007, defendants' counsel provided a letter identifying plaintiffs who had not fully complied with my order.  (Letter of Raju Sundaran dated Sept. 20, 2007 ("Sundaran 9/20/07 Letter").  That same day, plaintiffs' counsel responded, contending that "responses are currently outstanding for only 25 of my clients."  (Letter of Rose M. Weber dated Sept. 20, 2007 ("Weber 9/20/07 Letter") at 2).  On October 2, 2007, defendants' counsel replied, submitting that the number of plaintiffs in default was substantially more than acknowledged by

2

plaintiffs' counsel and asking that I enter an order dismissing their claims subject to submission within ten days of "a definitive listing of individuals who have failed to comply" with my prior order.  (Letter of James Mirro and Raju Sundaran dated Oct. 2, 2007).  By Order dated October 5, 2007, I declined the invitation to issue an open-ended dismissal order but stated that I would consider the defendants' application "upon submission of the 'definitive listing.'" (Order dated Oct. 5, 2007).  On October 15, 2007, defendants' counsel submitted a letter listing 46 plaintiffs who had purportedly failed to provide any discovery responses and 30 more who had provided responses but had failed to verify them. (Letter of James Mirro and Raju Sundaran dated Oct. 15, 2007 ("Mirro & Sundaran 10/15/07 Letter") at 2-3).  They seek dismissal of the claims of all 76 plaintiffs.[1]  Defendants' counsel concede that "some of these plaintiffs have provided discovery responses or verifications since the Court-ordered deadline of September 17, 2007," but argue that the late responses do not cure the prejudice to the defendants.  (Mirro & Sundaran 10/15/07 Letter at 3 n.1). Plaintiffs' counsel replied that the relief sought was unwarranted but did not identify which plaintiffs, if any, had fully complied with their obligations.  (Letter of Rose M. Weber dated Oct. 21,

---

[1] Defendants' counsel noted that they originally sought dismissal with respect to "approximately 73" plaintiffs, but had later identified 75 who were in default.  (Mirro & Sundaran 10/15/07 Letter at 1-2).  However, they appear to have listed 76 delinquent plaintiffs.

2007).

Discussion

Although the defendants have not identified the authority for the relief they seek, they are presumably moving pursuant to Rule 37(b) of the Federal Rules of Civil Procedure.  Rule 37(b)(2)(c) authorizes dismissal of an action as a sanction for failing to comply with a discovery order.  However, dismissal is a harsh remedy that is only appropriate in extreme circumstances and only when no lesser sanction would be effective.  See Bobal v. Rennselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990); Lee v. Trans Union LLC, No. 06 Civ. 4003, 2007 WL 1098697, at *2-3 (S.D.N.Y. April 9, 2007); David v. Santiago, No. 01 Civ. 6931, 2003 WL 22511320, at *1 (S.D.N.Y. Nov. 4, 2003).

Here, there is no doubt that the plaintiffs' non-compliance has made discovery more difficult and costly.  However, the defendants have failed to itemize the prejudice they may have suffered and relate it to specific plaintiffs.  For example, a plaintiff who failed to meet the September 17 deadline for production but who disclosed the requested information well in advance of his deposition may not have caused the defendants any prejudice.  Likewise, a plaintiff who has made complete production and has merely failed to verify her responses may have caused the defendants little harm.  By contrast, a plaintiff who completely defaults in discovery prior to his deposition deprives defendants'

4

counsel of any opportunity to prepare and forces a second session of questioning.

Any request to dismiss the plaintiffs' claims <u>en</u> <u>masse</u> is therefore premature. This is not like the circumstances in which claims of emotional distress have been dismissed because certain plaintiffs have refused altogether to provide potentially relevant discovery. Here, the plaintiffs (or their counsel) have simply been dilatory, and remedies short of dismissal may be adequate to ameliorate any prejudice. For example, if it becomes necessary to reopen a deposition because a plaintiff fails to produce discovery responses prior to the deposition date, the costs of the renewed examination, including attorneys' fees, may be imposed on the plaintiff. Of course, the sanction of dismissal may ultimately be warranted in specific cases. However, the necessary showing has not yet been made.

<u>Conclusion</u>

For the reasons discussed above, the defendants' application to dismiss the claims of 76 plaintiffs identified in the correspondence of defendants' counsel is denied.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          October 23, 2007

5

Copies mailed this date:

Rose M. Weber, Esq.
Rose M. Weber Attorney at Law
225 Broadway, Suite 1608
New York, New York 10007

James Mirro, Esq.
Raju Sundaran, Esq.
Special Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, New York 10007