Case 1:05-cv-06780-RJS-JCF *Document 188 Filed 12/28/08 Page 1 of 5 (JCF)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- x

JULIA R. COHEN,

           Plaintiff,

  -versus-

THE CITY OF NEW YORK, et al.
           Defendants.

--------------------------------------------------------------------- x

AND ALL RNC CASES CONSOLIDATED
FOR DISCOVERY BEFORE
MAGISTRATE JUDGE FRANCIS

---------------------------------------------------------------------x

**PROTECTIVE ORDER**

05 CV 6780 (RJS)(JCF)

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 12/15/08

**WHEREAS,** on November 10, 2008, the Court issued a Memorandum and Order

("Order") requiring IWV Video ("IWV") to produce "videotapes of RNC protests where arrests

occurred (other than those created by the NYPD)" (the "Video Materials") (Order at 37);

**WHEREAS,** the Video Materials to be produced are to be "subject to a protective

order strictly limiting the use of the tapes to the instant litigation" (Order at 37);

**WHEREAS,** the Order further provided that "IWV need not disclose the identity

of the videographers except to its counsel, who shall maintain that information pending any

dispute concerning the authenticity of the tapes" (Order at 38); and

NOW, THEREFORE, IT IS HEREBY ~~STIPULATED AND AGREED, by~~ *ORDERED*

~~and between the undersigned, attorneys for IWV and defendants,~~ as follows:

1. One Permissible Use. The Video Materials may not be used for any purpose other

than for litigating the RNC cases, including use at any RNC trials and any appeals. ~~No physical~~

~~copies of the Video Materials shall be made a part of the parties' files.~~ All physical copies of the

Video Materials shall be returned to IWV at the conclusion of the litigation in accordance with

SR7-10796515.5

paragraph 6 hereof.

2.     Dissemination. Defendants may disclose the Video Materials only to the Court, to RNC parties, counsel for the parties and their staff, including in-house counsel and their staff, *potential witnesses,* deponents, experts retained by counsel for the parties in the RNC cases, and creators of the Video Materials. Each person to whom counsel for the Defendants disclose the Video Material shall *other than counsel* sign an acknowledgement of their obligations under this Protective Order substantially in the form of Exhibit A hereto. Any individuals to whom the Video Materials are disclosed likewise shall limit dissemination of the Video Materials to these same categories of recipients. Each such individual shall be provided with a copy of this Protective Order for his or her review. No disclosure of the Video Materials may be made other than in accordance with this Order. ~~Other than as permitted by this Protective Order, no additional copies shall be made of any Video Materials absent notice to IWV and permission of the Court.~~ Counsel for the parties hereby acknowledge their responsibility for the conduct of any lawyers and any non-lawyers permitted by them to review the Video Materials to comply with the terms of this Protective Order.

3.     IWV Use. Nothing in this Protective Order shall be construed to limit the use of the Video Materials by IWV. If counsel for the defendants believes that IWV has disseminated to the public some portion of the Video Materials, then counsel for the defendants shall provide written notice to IWV setting out what portion of the Video Materials it believes IWV has disseminated to the public. After receiving notice from counsel for the defendants, counsel for IWV shall have five business days to advise counsel for the defendants whether IWV agrees that IWV has disseminated the relevant materials to the public. If IWV does not agree, then counsel

SRZ-10796515.5

2

for the defendants may make an application to the Court, on notice to counsel for IWV, to seek to have that portion of the Video Materials removed from the scope of this Protective Order. In no event shall the dissemination of some of the Video Materials (or part of a videotape) constitute a waiver of protection for the remainder of the Video Materials (or other part of the videotape) not publicly disseminated. The contested Video Materials (or part of the videotape) shall be subject to this Protective Order pending judicial resolution of any dispute about whether IWV disseminated particular materials to the public. Furthermore, nothing in this Protective Order modifies in any way the copyright protection to which the Video Materials are otherwise entitled under law.

4.    Scope of Custody, Possession, and Control.  No party shall permit the Video Materials produced by IWV to be held in the custody, possession, or control of anyone other than a party, their counsel, or an expert retained by counsel to a party.  In particular, under no circumstances shall any portion of the IWV Video Materials be turned over to, furnished to, be viewed by, shared or placed or displayed on a government information-sharing network, data-room, or "virtual command center" (including but not limited to Law Enforcement Online, RISS, or HIDTA-related networks), or otherwise be made available to, or placed in the custody, possession, or control of, international, federal, state, or local law enforcement agencies (including but not limited to the New York City Police Department, the Federal Bureau of Investigation, the United States Secret Service, or any "fusion center" or other joint task force), their personnel, or their private contractors or members thereof.

5.      Filing Under Seal.   If Video Materials are filed with the Court, such Materials

shall be delivered to the Court in a sealed envelope bearing the caption of the action(s), an

indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

> This envelope contains documents for information designated
> confidential pursuant to an ordered entered by the United States
> District Court for the Southern District of New York in the above-
> captioned action.  This envelope shall not be opened or unsealed
> without the express direction of a Judge of this Court, and its
> contents shall not be displayed or revealed except as the Court may
> order.    This envelope and its contents shall at all times be
> maintained separate and apart from the publicly available file in
> this case.

6.      Return Affidavit Court Record Sealed.   Within 30 days of the termination of the

last remaining RNC Case (and the termination of any appeal or right to appeal) in which the

Video Materials was produced or used, shall be destroyed or returned to IWV, at IWV's

discretion. Any Video Materials downloaded onto computer drives shall be permanently deleted.

Counsel for any party that received Video Materials shall, by declaration or affidavit furnished to

counsel for IWV, contemporaneously verify that all such Video Materials have been returned to

IWV or destroyed.  In addition, any Court record incorporating such Video Materials shall

remain sealed.

7.      Videographer Names.   Counsel for IWV will hold the names of videographers in

escrow pending subsequent litigation and Court orders relating to a dispute over the authenticity

of any videotape.

8.   Redaction. IWV will redact labeling information from the videotapes that identify

any videographer and that information shall also be held in escrow by counsel for IWV. *I WV shall not otherwise redact, edit, or modify the video materials.*

9.   Violation. Failure to comply with any of the foregoing provisions is a violation of

this Court's order and may subject the violator(s) to any sanction deemed appropriate by the

Court.

10.   No Waiver. This Stipulation and Order shall not be construed as a waiver by

defendants of any defense or objection that they may have, and defendants hereby expressly

reserve all such defenses and objections. Among other things, defendants do not waive, and

hereby expressly reserve, their right to object to the admissibility of any of the Video Materials.

11.   Modification. This Protective Order may be modified only by mutual consent of

the undersigned parties to this Protective Order, in writing, or upon a showing of good cause.

Dated: New York, New York
       December 18, 2008

James Mirro, Esq.
Curt P. Beck, Esq.
Special Assistant Corporation Counsels
100 Church Street
New York, NY 10007
Counsel for Defendants

Harry Sandick, Esq.
Edward D. Altabet, Esq.
Christina A. Suarez, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
Counsel for IWV Video

**SO ORDERED:**

James C. Francis IV

UNITED STATES MAGISTRATE JUDGE

SRZ-10796815.5

5