*HLSU KUCCEI IN*
*04 CIV 7922 (RJS)(JCF)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JULIA R. COHEN,
                       Plaintiff,

    -versus-

THE CITY OF NEW YORK, et al.
                    Defendants.
------------------------------------------------------------------- x
AND ALL RNC CASES CONSOLIDATED
FOR DISCOVERY BEFORE
MAGISTRATE JUDGE FRANCIS
-------------------------------------------------------------------x

**PROTECTIVE ORDER**

05 CV 6780 (RJS)(JCF)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/08

**WHEREAS,** on November 10, 2008, the Court issued a Memorandum and Order requiring the New York City Chapter of the National Lawyers Guild (the "NLG-NYC") to produce certain photographs and legal observer notes subpoenaed by defendants in the captioned cases, subject to a protective order governing the "use and dissemination" of the foregoing materials;

**NOW, THEREFORE, IT IS HEREBY** ORDERED that the NLG-NYC shall produce to the defendants photographs and legal observer notes falling within the scope of the subpoena and in accordance with the November 10, 2008 Order subject to the following Protective Order:

    1. Scope of Disclosure: The photographs and legal observer notes may be viewed by counsel for the parties with the staff of their respective law offices, the parties, prospective ~~trial~~ witnesses and the experts retained by the parties. Each such individual shall be provided a copy of this Protective Order for his or her review. Counsel for the parties hereby acknowledge their responsibility for the conduct of any lawyers any non-lawyers permitted by them to view the photographs and/or legal observer notes as contemplated by New York law, including the Lawyers' Code of Professional Responsibility, Disciplinary Rule (DR 1-104);

2. <u>One Permissible Use</u>. .The parties' counsel and any others who may gain access to the photographs and/or legal observer notes through the parties' counsel shall not use them for any purpose other than to prosecute and/or defend one or more of the above-captioned matters. The photographs and legal observer notes ~~and any information gleaned therefrom shall not be made part of clients' files and~~ shall be returned to counsel and/or destroyed at the conclusion of the litigation in accordance with paragraph 4 *infra*. [JCF]

3. <u>Filing Under Seal</u>: If the photographs and/or legal observer notes are filed with the Court, such materials shall be delivered to the Court in a sealed envelope bearing the caption of the action(s), an indication of the nature of the contents and the following legend:

CONFIDENTIAL

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a Judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files in this case.

4. <u>Return Affidavit Court Record Sealed</u>: Within 30 days of the termination of this action (and the termination of any right to appeal) in which the photographs and/or legal observer notes were produced, the photographs and legal observer notes, the CDs and or DVDs on which they are maintained, any hard-copies printed, shall be returned to the NLG-NYC through counsel Robert J. Boyle, Attorney At Law, 299 Broadway, Suite 806, New York, New York, 10007. Any photographs and/or legal observer notes downloaded onto computer drives shall be deleted. Counsel shall, by affidavit furnished to the Court and counsel for the NLG-NYC, contemporaneously verify that all such materials have been returned to the NLG-NYC

2

and/or destroyed. In addition, the Court record incorporating such materials shall remain sealed.

5 Violation. Failure to comply with any of the foregoing provisions is a violation of this Court's order and may subject the violator(s) to any sanction deemed appropriate by the Court.

6. No Waiver. This Stipulation and Order shall not be construed as a waiver by defendants of any defense or objection that they may have, and defendants hereby expressly reserve all such defenses and objections. Among other things, defendants do not waive, and hereby expressly reserve, their right to object to the admissibility of any of the Materials.

7. Modification. This Protective Order may be modified only by mutual consent of the parties to this Order, in writing, or upon a showing of good cause.

Dated: New York, New York
December **17**, 2008

SO ORDERED:

_____
James C. Francis IV
UNITED STATES MAGISTRATE JUDGE

3