*[Handwritten annotation: (RJS)(JCF) DOCKET IN ALL RNC CASES]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

JULIA R. COHEN,

                    Plaintiff,

-versus-

THE CITY OF NEW YORK, et al.
                    Defendants.

------------------------------------------------------------- x

AND ALL RNC CASES CONSOLIDATED
FOR DISCOVERY BEFORE
MAGISTRATE JUDGE FRANCIS

------------------------------------------------------------- x

**PROTECTIVE ORDER**

05 CV 6780 (RJS)(JCF)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/09

        **WHEREAS**, on November 10, 2008, the Court issued a Memorandum and Order ("Order") requiring IWV Video ("IWV") to produce certain videotapes;

        **WHEREAS**, on March 9, 2009, the Court modified the Order to require IWV to produce, in addition to those videotapes to be produced under the Order, certain additional videotapes (the "Modified Order"); the videos to be produced under the Modified Order, regardless of the medium that such video are contained (*i.e.* without regard to whether the video is in VHS, DVD, or mini-dv format, or otherwise stored on hard drives, flash drives, or in another digital format) shall be referred to herein as the "Video Materials";

        **WHEREAS**, the Video Materials to be produced are to be "subject to a protective order strictly limiting the use of the tapes to the instant litigation" (Order at 37);

        **WHEREAS**, the Order further provided that "IWV need not disclose the identity of the videographers except to its counsel, who shall maintain that information pending any dispute concerning the authenticity of the tapes" (Order at 38); and

        **NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1. <u>One Permissible Use.</u> The Video Materials may not be used for any purpose other than for litigating the RNC cases, including use at any RNC trials and any appeals. All physical copies of the Video Materials (regardless of medium) shall be returned to IWV at the conclusion of the litigation in accordance with paragraph 6 hereof.

2. <u>Dissemination.</u> Defendants may disclose the Video Materials only to the Court, to RNC parties, counsel for the parties and their staff, including in-house counsel and their staff, deponents, experts retained by counsel for the parties in the RNC cases, potential witnesses, and creators of the Video Materials. Each person to whom counsel for the Defendants disclose the Video Material other than counsel shall sign an acknowledgement of their obligations under this Protective Order substantially in the form of Exhibit A hereto. Any individuals to whom the Video Materials are disclosed likewise shall limit dissemination of the Video Materials to these same categories of recipients. Each such individual shall be provided with a copy of this Protective Order for his or her review. No disclosure of the Video Materials may be made other than in accordance with this Order. Counsel for the parties hereby acknowledge their responsibility for the conduct of any lawyers and any non-lawyers permitted by them to review the Video Materials to comply with the terms of this Protective Order.

4. <u>Scope of Custody, Possession, and Control.</u> No party shall permit the Video Materials produced by IWV to be held in the custody, possession, or control of anyone other than a party, their counsel, or an expert retained by counsel to a party. In particular, under no circumstances shall any portion of the IWV Video Materials be turned over to, furnished to, be viewed by, shared or placed or displayed on a government information-sharing network, data-room, or "virtual command center" (including but not limited to Law Enforcement Online, RISS,

2

or HIDTA-related networks), or otherwise be made available to, or placed in the custody, possession, or control of, international, federal, state, or local law enforcement agencies (including but not limited to the New York City Police Department, the Federal Bureau of Investigation, the United States Secret Service, or any "fusion center" or other joint task force), their personnel, or their private contractors or members thereof.

5.  Filing Under Seal. If Video Materials are filed with the Court, such Materials shall be delivered to the Court in a sealed envelope bearing the caption of the action(s), an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a Judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available file in this case.

6.  Return Affidavit Court Record Sealed. Within 30 days of the termination of the last remaining RNC Case (and the termination of any appeal or right to appeal) in which the Video Materials was produced or used, shall be destroyed or returned to IWV, at IWV's discretion. Any Video Materials downloaded onto computer drives shall be permanently deleted. Counsel for any party that received Video Materials shall, by declaration or affidavit furnished to counsel for IWV, contemporaneously verify that all such Video Materials have been returned to IWV or destroyed. In addition, any Court record incorporating such Video Materials shall remain sealed.

7.  <u>Videographer Names.</u>  Counsel for IWV will hold the names of videographers in escrow pending subsequent litigation and Court orders relating to a dispute over the authenticity of any videotape.

8.  <u>Redaction.</u>  IWV will redact labeling information from the videotapes that identify any videographer and that information shall also be held in escrow by counsel for IWV. IWV shall not otherwise redact, edit, or modify the Video Materials.

9.  <u>Violation.</u>  Failure to comply with any of the foregoing provisions is a violation of this Court's order and may subject the violator(s) to any sanction deemed appropriate by the Court.

10. <u>No Waiver.</u>  This Stipulation and Order shall not be construed as a waiver by defendants of any defense or objection that they may have, and defendants hereby expressly reserve all such defenses and objections. Among other things, defendants do not waive, and hereby expressly reserve, their right to object to the admissibility of any of the Video Materials.

11. <u>Modification.</u>  This Protective Order may be modified only by mutual consent of the undersigned parties to this Protective Order, in writing, or upon a showing of good cause.

4

Dated: New York, New York
       April 24, 2009

**SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

*James C. Francis IV*

5

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

JULIA R. COHEN,

                    Plaintiff,

    -versus-

THE CITY OF NEW YORK, et al.
                  Defendants.
-------------------------------------------------------------- x
AND ALL RNC CASES CONSOLIDATED
FOR DISCOVERY BEFORE
MAGISTRATE JUDGE FRANCIS
-------------------------------------------------------------- x

**PROTECTIVE ORDER**

05 CV 6780 (RJS)(JCF)

## UNDERTAKING PURSUANT TO PROTECTIVE ORDER

      I have read the Protective Order in the above-captioned action between I-Witness Video and the City of New York. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of this Protective Order.

_____
Signature

_____
Name

_____
Date