```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:       *LEAD CASE
SHARONE BUNIM, et al.,                :       04 Civ. 7922 (RJS) (JCF)
                                      :       DOCKET IN ALL CASES LISTED
            Plaintiffs,               :              BELOW
                                      :
    - against -                       :       05 Civ. 1562 (RJS) (JCF)
                                      :
THE CITY OF NEW YORK, et al,          :
                                      :
            Defendants.               :
- - - - - - - - - - - - - - - - - - -:
RITU KALRA, et al,                    :
                                      :       05 Civ. 1563 (RJS) (JCF)
            Plaintiffs,               :
                                      :
    - against -                       :
                                      :
THE CITY OF NEW YORK, et al,          :
                                      :
            Defendants.               :
- - - - - - - - - - - - - - - - - - -:
LINDSAY RYAN, et al.,                 :
                                      :       05 Civ. 1564 (RJS) (JCF)
            Plaintiffs,               :
                                      :
    - against -                       :
                                      :
THE CITY OF NEW YORK, et al.,         :
                                      :
            Defendants.               :
- - - - - - - - - - - - - - - - - - -:
ADRIENNE GARBINI, et al.,             :
                                      :       05 Civ. 1565 (RJS) (JCF)
            Plaintiffs,               :
                                      :
    - against -                       :
                                      :
THE CITY OF NEW YORK, et al.,         :
                                      :
            Defendants.               :
- - - - - - - - - - - - - - - - - - -:
```

```
- - - - - - - - - - - - - - - - - - - -:
ADAM GREENWALD, et al.,                 :
                                        : 05 Civ. 1566 (RJS) (JCF)
              Plaintiffs,               :
                                        :
     - against -                        :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
              Defendants.               :
- - - - - - - - - - - - - - - - - - - -:
BRIAN PICKETT, et al.,                  :
                                        : 05 Civ. 1567 (RJS) (JCF)
              Plaintiffs,               :
                                        :
     - against -                        :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
              Defendants.               :
- - - - - - - - - - - - - - - - - - - -:
WENDY TREMAYNE, et al.,                 :
                                        : 05 Civ. 1568 (RJS) (JCF)
              Plaintiffs,               :
                                        :
     - against -                        :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
              Defendants.               :
- - - - - - - - - - - - - - - - - - - -:
JEREMY BIDDLE, et al.,                  :
                                        : 05 Civ. 1570 (RJS) (JCF)
              Plaintiffs,               :
                                        :
     - against -                        :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
              Defendants.               :
- - - - - - - - - - - - - - - - - - - -:
```

```
- - - - - - - - - - - - - - - - - - - -:
MATTHEW MORAN, et al.,                  :
                                        : 05 Civ. 1571 (RJS) (JCF)
                Plaintiffs,             :
                                        :
       - against -                      :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
                Defendants.             :
- - - - - - - - - - - - - - - - - - - -:
SACHA BOTBOL, et al.,                   :
                                        : 05 Civ. 1572 (RJS) (JCF)
                Plaintiffs,             :
                                        :
       - against -                      :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
                Defendants.             :
- - - - - - - - - - - - - - - - - - - -:
EMILIA CROTTY, et al.,                  : 05 Civ. 7577 (RJS) (JCF)
                                        :
                Plaintiffs,             :
                                        :
       - against -                      :
                                        :
THE CITY OF NEW YORK,                   :
                                        :
                Defendants.             :
- - - - - - - - - - - - - - - - - - - -:
JEFFREY STARK, et al.,                  :
                                        : 05 Civ. 7579 (RJS) (JCF)
                Plaintiffs,             :
                                        :
       - against -                      :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
                Defendants.             :
- - - - - - - - - - - - - - - - - - - -:
```

```
- - - - - - - - - - - - - - - - - - - -:
KATHLEEN LALIER, et al.,              :    05 Civ. 7580 (RJS) (JCF)
                                      :
            Plaintiffs,               :
                                      :          MEMORANDUM
    - against -                       :          AND  ORDER
                                      :
THE CITY OF NEW YORK, et al.,         :
                                      :
            Defendants.               :
                                      :
- - - - - - - - - - - - - - - - - - - -:
```

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

These are some of the many cases arising out of arrests that took place in connection with the Republican National Convention (the "RNC") in New York City in 2004. All of the RNC cases have been consolidated for discovery. In an order dated January 23, 2008 (the "January 23 Order"), I permitted the plaintiffs in a number of those cases to amend their complaints in a variety of respects. Schiller v. City of New York, No. 04 Civ. 7922, 2008 WL 200021 (S.D.N.Y. Jan. 23, 2008). Subsequently, in an order dated June 5, 2009, I allowed the plaintiffs who had prevailed in the January 23 Order to submit conforming amended pleadings no later than June 30, 2009. In accordance with that order, the plaintiffs submitted a motion for leave to file a Fifth Amended Complaint in each of these cases. The defendants oppose amendment on a variety of grounds, each of which will be addressed in turn.

1

Discussion

    A. Parading Without a Permit

        1. As-Applied Challenges

First, the plaintiffs sought to include a claim that Section 10-110 of the New York City Administrative Code which prohibits parading without a permit is unconstitutional as applied to them in part because it was enforced in a "discriminatory fashion against those arrested at or in the vicinity of RNC-related protest events." (Proposed Fifth Amended Complaint in Tremayne v. City of New York, attached as Exh. B to Affidavit of Rose M. Weber dated June 30, 2009 ("Weber Aff."), ¶ 37). The defendants object that I previously rejected any attempt to amend the complaints to add claims of selective enforcement. They are correct, see Schiller, 2008 WL 200021, at *6, as the plaintiffs now acknowledge. (Letter of Rose M. Weber dated Sept. 18, 2009 ("Weber 9/18/09 Letter") at 1-2). Therefore, the amended complaints may not include allegations of disparate application of Section 10-110.

        2. Facial Challenges

Next, the defendants contend that the plaintiffs' facial attacks on the parading without a permit statute fail because they are moot and because money damages are not an appropriate remedy when a statute is found facially infirm. However, I previously permitted the plaintiffs to amend their complaints to include just such a facial challenge, 2008 WL 200021, at *5-6, and the

2

defendants' objections are therefore no more than an untimely application to reargue.[1]  Accordingly, the plaintiffs may amend their complaints to include a challenge to section 10-110 on its face.

   B. Disorderly Conduct

   The plaintiffs seek to amend the complaints in the Bunim, Kalra, Ryan, Garbini, Pickett, Biddle, and Lalier cases to add challenges to the disorderly conduct statute, New York Penal Law § 240.20(5) and (6), "insofar as it is applied to persons engaged in peaceful protest on public roadways in a manner that permits their arrest without first giving them an order that provides an opportunity for them to engage in peaceful protest without substantially impeding pedestrians and/or vehicles." (Proposed Fifth Amended Complaint in Bunim v. City of New York, attached as Exh. A to Weber Aff., ¶¶ 111, 113). The defendants oppose this amendment on two grounds.

   First, they contend that the January 23 Order allowed as-applied challenges to the disorderly conduct statute by pedestrians arrested on the sidewalk, while the plaintiffs now seek to assert claims on behalf of bicyclists who were arrested on the roadway.

---

   [1] Furthermore, while it is true that "facial challenges regarding prospective harm cannot give rise to the remedy of damages," DA Mortgage, Inc. v. City of Miami Beach, 486 F.3d 1254, 1260 (11th Cir. 2007) (emphasis supplied), the cases cited by the defendants do not support their sweeping assertion that damages are never available when a statute is struck down as facially unconstitutional.

3

This is a distinction without a difference. What is important for the as-applied challenge is not where the arrestees were located nor their mode of transport, but whether they were given an order to disperse prior to being arrested and whether they were arrested on the basis of individualized probable cause.

Second, the defendants argue that the proposed amendment would be futile because the disorderly conduct statute has been held constitutional as applied to persons obstructing traffic by cycling on roadways in large groups. See People v. Bezjak, 11 Misc.3d 424, 437-38, 812 N.Y.S.2d 829, 840 (N.Y. Crim. Ct. 2006). However, the plaintiffs' claim is that they were subject to mass arrests when they were not blocking traffic and were given no opportunity to disperse. See Schiller, 2008 WL 200021, at *7. That claim is not futile, and the plaintiffs may be permitted to assert it.

C. Dismissed Claims

Finally, the defendants contend that the proposed amended complaints include claims that have already been dismissed. The plaintiffs have responded that "cleaning up" the complaints is better left to "a more appropriate time (e.g., immediately before motion practice" (Weber 9/18/09 Letter at 3), and that it would not be "prudent or procedurally correct to remove the claims from the complaints at this time." (Letter of Rose M. Weber dated June 30, 2009 at 2). However, claims that are dismissed without leave to replead are preserved for appeal even when they are deleted from

4

subsequent pleadings. See P. Stolz Family Partnership L.P. v. Daum, 355 F.3d 92, 96 (2d Cir. 2004); In re Alstom SA, 454 F. Supp. 2d 187, 216-17 (S.D.N.Y. 2006). Thus, there is nothing imprudent about excising the dismissed claims, and it will clarify future proceedings. Furthermore, there is no reason to delay this process. Accordingly, the dismissed claims shall be deleted from the amended complaints.

Conclusion

The plaintiffs' motion to amend their pleadings is denied insofar as the proposed amended complaints include claims of disparate application of the parading without a permit statute or claims that have previously been dismissed. In all other respects the motion is granted. Plaintiffs shall file amended complaints that conform to this decision within two weeks.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:  New York, New York
        October 19, 2009

Copies mailed this date:

Rose M. Weber, Esq.
Rose M. Weber Attorney at Law
225 Broadway, Suite 1607
New York, New York 10007

Jeffrey C. Brooks, Esq.
Special Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, New York 10007

6