USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

HACER DINLER, ANN MAURER, and
ASHLEY WATERS

        Plaintiffs,

-against-

The CITY OF NEW YORK and RAYMOND KELLY,
Commissioner of the New York City Police Department,
and INSPECTOR JAMES ESSIG, New York City Police
Department,

        Defendants.
---------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

04-cv-7921 (RJS)(JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MICHAEL SCHILLER, FRANCESCA
FIORENTINI, ROBERT CURLEY, and
NEAL CURLEY

        Plaintiffs,

-against-

The City Of New York, RAYMOND KELLY,
Commissioner of the New York City Police
Department; TERRENCE MONAHAN,
Assistant Chief of the Bronx Bureau of the
New York City Police Department

        Defendants.
---------------------------------------------------------------X

04-cv-7922 (RJS)(JCF)

        **WHEREAS,** plaintiffs commenced the above-referenced actions by filing complaints alleging that defendants violated plaintiffs' federal civil and state common law rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

CTD 4/8/14

WHEREAS, the parties now desire to resolve the issues raised in the litigation without further proceedings and without admitting any fault or liability; and

WHEREAS, plaintiffs have authorized their counsel to settle these matters on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced actions are hereby dismissed against all defendants, with prejudice, and without attorneys' fees, costs, or expenses, except as specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiffs and their attorneys the amounts set forth below in full satisfaction of all claims, including claims for attorneys' fees, costs, and expenses. In consideration for the payment of these sums, plaintiffs agree to dismissal of all claims against all defendants, and to release and discharge all defendants, their successors or assigns; all past and present officials, employees, representatives and agents of the City of New York, or any agency thereof, including but not limited to the New York City Police Department; the New York City Health and Hospitals Corporation; the Hudson River Park Trust; and any person or entity represented by the Office of the Corporation Counsel (collectively, "Releasees"), from any and all liability, claims or rights of action which were or could have been alleged in these actions, including all claims for attorneys' fees, costs and expenses. Plaintiffs hereby assign their rights to attorneys' fees, costs, and expenses to their counsel, the New York Civil Liberties Union Foundation. Plaintiffs and their counsel hereby agree and represent that no other claims for attorneys' fees, costs or expenses arising out of these actions shall be made by or on behalf of plaintiffs against defendants in any application for attorneys' fees, costs or expenses at any time, and plaintiffs' counsel shall release and discharge the Releasees for all claims for attorneys' fees, costs, and expenses arising out of these actions on behalf of the plaintiffs in the above-referenced actions.

CTD 4/8/14

## Amounts Payable to Plaintiffs

| Plaintiffs | Amount |
|---|---|
| Hacer Dinler | $45,000 |
| Ashley Waters | $10,000 |
| Ann Maurer | $10,000 |
| Michael Schiller | $13,700 |
| Robert Curley | $11,200 |
| Neal Curley | $11,200 |
| Francesca Fiorentini | $13,700 |

## Amount Payable to Plaintiffs' Attorney for Attorneys' Fees, Costs, and Expenses

| Attorneys | Attorneys' Fees, Costs and Expenses |
|---|---|
| NYCLU | $549,995 |

3.     In further consideration for dismissal and release of all claims by plaintiffs, Defendants have agreed to withdraw and not reinstate the RNC Second Circuit appeals from the district court's Opinion and Order dated September 30, 2012 (lead case *Bell, et al, v. City of New York, et al.*, 12-cv-4420), which were "so ordered" withdrawn on January 14, 2014. Plaintiffs agree that nothing herein limits any future appeal by defendants in the following cases: Andrew St. Laurent, Steve Ekberg, Robert Siegel, and Howard Gale (collectively, plaintiffs in *Abdell v. City of New York, et al., 05-cv-8453*); Valerie Kaur Brar (*Botbol v. City of New York, et al., 05-cv-1572*); Kathleen O'Reilly (*Araneda v. City of New York, et al., 05-cv-9738*); Joshua Russell (*Garbini v. City of New York, et al., 05-cv-1565*); Yuseke Banno (*Banno v. City of New York, et al., 06-cv-2270*); Brian Conley (*Conley v. City of New York, et al., 05-cv-10024*); Kaitlyn Tikkun (*Tikkun v. City of New York, et al., 05-cv-9901*); Annette Karlin (*Karlin v. Murtagh, et al.,* 05-cv-7789); and Kate Freitag (*Bunim v. City of New York, et al., 05-cv-1562*).

4.     Plaintiffs and their attorneys shall each execute and deliver to defendants' attorneys all documents necessary to effect this settlement, including, without limitation, General Releases based on the terms of paragraph 2, and plaintiffs' attorneys shall also execute and deliver W-

CTD 4/8/14

9's. Plaintiffs shall not be required to submit Affidavits of Status of Liens; however, the proceeds of the settlement are subject to all applicable liens.

5. Plaintiffs represent that they have not received Medicare benefits as a result of their arrest and detention in this matter.

6. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

8. This Stipulation of Settlement and the Memorandum of Understanding dated December 9, 2013 (the "M.O.U.") contain all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement and the M.O.U. regarding the subject matter of the instant proceedings shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
        April 8, 2014

CTD 4/8/14

NEW YORK CIVIL LIBERTIES UNION
  FOUNDATION
*Attorneys for Plaintiffs*
125 Broad Street, 19th Floor
New York, New York 10004
(212) 607-3300

By: /s/ Christopher Dunn  4/8/14

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2406

By: /s/ Cheryl Shammas

SO ORDERED:

HON. RICHARD J. SULLIVAN, U.S.D.J.

Dated: New York, New York
      April 8, 2014